# NEW COLONIAL COMPANY, LIMITED,

*v.*

# CANOVANAS SUGAR FACTORY, LIMITED.

FORECLOSURE—INTERVENTION OF HEIRS OF STOCKHOLDERS.

If a trust arrangement existed between the complainant and defendant
companies, the claim of the petitioners, who are heirs of stockholders
in the defendant company, for leave to intervene and for relief, is not
prescribed or barred by laches, the alleged trust not having terminated.

June 21, 1902.

*Mr. F. H. Dexter* for complainant.

*Messrs. Pettingill & Keedy* for interveners.

HOLT, Judge, delivered the following opinion:

This is a motion to set aside the order taking the bill *pro
confesso,* and to file a petition of intervention, which is ten-
dered. The motion must be determined upon the averments of
the petition. Upon this motion they are to be taken as true
unless otherwise shown by the record. It appears from them
that one, George Latimer, was the owner at his death of certain
real estate. His devisees formed a partnership as the Successors
of George Latimer & Company. They associated with them-
selves one Borda, in consideration of his services, and put the
property into a corporation known as the Canovanas Sugar Fac-

tory, Limited, the defendant. This appears to have been done to obtain capital, and for the purpose of operating a sugar estate. To do so, on February 22d, 1884, the mortgage in suit for £68,308 was given to Lanman & Kemp by the defendant. On March 6th, 1885, it was assigned to a corporation known as the Colonial Company, Limited, and on October 25th, 1900, by it to the complainant, the New Colonial Company, Limited.

The Colonial Company, Limited, acquired the mortgage debt for much less than its face value, counting principal and interest due at the time of the transfer. The parties by the contract of February 3d, 1883, to which Lanman & Kemp and the Colonial Company, Limited, were parties, made said Colonial Company, Limited, an agent to manage and operate the property for twenty years, for the payment of the debts of the Canovanas Sugar Factory, Limited, and certain other specified purposes, one of said debts being the one now in suit. The Colonial Company, Limited, by the contract appears to have been given the entire control of the defendant company and its business. It was, in fact, made a trustee of its property for the purposes specified, and took control thereof even to the election of its officers. Shares of stock had been or were issued to the stockholders of the defendant company, and the petitioners, who now ask to intervene, represent three fourths or more of its stock. It is averred, substantially, that the Colonial Company, Limited, and the complainant company are one and the same,—are controlled and owned by the same parties.

It is urged that there has been no request or effort made to get the defendant company to defend this suit; but if the averments of the petition be true, to wit, that the Colonial Company, Limited, and the New Colonial Company, Limited, are virtually one and the same,—controlled by the same persons,— and that the defendant company is controlled by virtue of said

New Colonial Co. v. Canovanas Sugar Factory.

contract by the Colonial Company, Limited, such request would evidently be but mere form and entirely useless. The averments of the petition for intervention are not clear and specific; but they are, in substance, that the same parties are managing and controlling all three companies, and that there is a fraudulent conspiracy to enforce the mortgage for its full amount, when, by reason of the trust aforesaid and the common control and identity of the said companies, it should only be enforced for the sum that was paid for it, and interest thereon. Fraud is, in substance, charged between the complainant and those in charge of the defendant company. If such a state of case is true, and there was in effect a trust arrangement, the claim of the petitioners to relief is not prescribed, and they are not barred of relief by reason of laches, since the Colonial Company, Limited, was to control and manage the business of the defendant for twenty years from February 3d, 1883, which period has not yet expired. It is urged that the petitioners should not be allowed to intervene without paying or offering to pay what they admit was really paid for the mortgage debt; but it is averred that upon a proper accounting nothing will be found due. It seems proper, if this state of case be true, that the petitioners should be allowed to intervene to protect their interest. Properly a petition for intervention should have been filed and answer tendered; but the petition is allowed to be filed and stand as an answer herein; the petitioners are made party defendants hereto, and the order taking the bill *pro-confesso* is set aside. The complainant is given thirty days in which to demur, plead, or answer herein.